IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHELLE A.,

      Plaintiff,

    v.

COMMISSIONER OF THE
SOCIAL SECURITY
ADMINISTRATION,

      Defendant.

:

:    Case No. 3:22-CV-109

      JUDGE WALTER H. RICE

:

---

DECISION AND ENTRY ADOPTING THE UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC.
#13); REVERSING COMMISSIONER'S NON-DISABILITY FINDING;
REMANDING TO SOCIAL SECURITY ADMINISTRATION UNDER
SENTENCE FOUR OF 42 U.S.C. § 405(g) FOR FURTHER
CONSIDERATION; JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

---

Plaintiff, Michelle A., suffers from -- and takes medication for -- depressive
disorder with suicidal ideation, autistic disorder, attention deficit hyperactivity
disorder, and posttraumatic stress disorder.  Doc. #8-11, PageID#1686; Doc. #8-
14, PageID#1986.  She filed for disability benefits on June 18, 2020.  Doc. #8-5,
PageID##215–21.  An Administrative Law Judge ("ALJ") denied her application,
by written decision, on November 19, 2021.  Doc. #8-2, PageID##35–53.

As relevant here, the ALJ found that Plaintiff suffered from the
aforementioned severe impairments and "established by convincing evidence that

she experiences 'moderate' limitation in her ability to understand, remember, or apply information"; "to interact with others"; "to concentrate, persist, or maintain pace"; and "to adapt and manage oneself." *Id.*, PageID##44–46.  In so finding, the ALJ relied upon the opinions of Brian Griffiths, Psy.D., examining psychologist; and Kristen Haskins, Psy.D., and Irma Johnston, Psy.D., psychologists with the State of Ohio's Division of Disability Determination. *Id.*, PageID##42–43.  Dr. Griffiths opined that, although Plaintiff engages in regular activities such as "car[ing] for several pets" and "us[ing] an i-phone[,]" her mental health "symptoms are aggravated by stress." *Id.*, PageID#43.  Drs. Haskins and Johnston found that Plaintiff could "understand, remember, and follow one-to-two step instructions[,]" as well as "carry out simple, routine tasks with only minor changes in the work setting." *Id.*

However, at Step Three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." *Id.*, PageID#46.  He thus concluded that she was not "disabled," and that she had the residual functional capacity ("RFC") to perform a full range of work with, *inter alia*, the following limitations: (1) conducting only one-to-two step, simple, routine, repetitive tasks; (2) no fast-paced work; and (3) "performing jobs which involve very little, if any, change in the job duties or work routine from one day to the next." *Id.*, PageID##47–48.

The ALJ, in so ruling, found that Plaintiff's impairments did "not meet or medically equal the level of severity of an impairment described in [S]ection 12.04 . . . of Appendix 1, Subpart P, Regulations No. 4." *Id.*, PageID#46. A plaintiff is considered "disabled" if his or her "impairment meets or equals a listed impairment in appendix 1." 20 C.F.R. § 404.1520(d). As relevant here, for Listing 12.04, Plaintiff's "mental disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C." The relevant portions of Listing 12.04 Paragraphs "A", "B", and "C" are as follows:

> A. Medical documentation of the requirements of paragraph 1 or 2:
>
> 1. Depressive disorder, characterized by five or more of the following:
>
>> a. Depressed mood;
>> b. Diminished interest in almost all activities;
>> c. Appetite disturbance with change in weight;
>> d. Sleep disturbance;
>> e. Observable psychomotor agitation or retardation;
>> f. Decreased energy;
>> g. Feelings of guilt or worthlessness;
>> h. Difficulty concentrating or thinking; or
>> i. Thoughts of death or suicide.
>
> . . .
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
>
>> 1. Understand, remember, or apply information (see 12.00E1).

3

        2. Interact with others (see 12.00E2).
        3. Concentrate, persist, or maintain pace (see 12.00E3).
        4. Adapt or manage oneself (see 12.00E4).

OR

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

        1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and

        2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

The ALJ determined that Plaintiff only had "moderate" limitations in the abilities previously listed, thus she did not satisfy Paragraph "B".[1] *Id.*, PageID#47. However, for Paragraph "C", the ALJ wrote only, "Consideration has also been given to whether the 'paragraph C' criteria (section 12.00 of Appendix 1, Subpart P, Regulations No. 4 and pertaining to Listings 12.02, 12.03, 12.04, 12.06, and 12.15) are satisfied. In this case, the evidence fails to establish the presence of the 'paragraph C' criteria." *Id.*

---

[1] In the present case, it is undisputed that Plaintiff met Paragraph "A" given that the ALJ identified Plaintiff's Depressive Disorder as a severe impairment. Doc. #8-2, PageID#46.

4

On September 8, 2022, United States Magistrate Judge Kimberly A. Jolson issued a Report and Recommendations, Doc. #13, recommending that the Court sustain Plaintiff's Assignment of Error as to the ALJ's Listing 12.04 analysis. *Id.*, PageID#2616. She described the ALJ's Paragraph "C" discussion as "quick and conclusory, merely stating that the criteria were considered, and the evidence failed to establish their presence." *Id.*, PageID#2620. Finding issues with the sufficiency of the ALJ's explanation, Magistrate Judge Jolson noted, "[P]ortions of the ALJ's opinion suggest that the weight of the evidence did at least somewhat support the Paragraph C criteria, and without a more detailed explanation, are difficult to reconcile" with his conclusion to the contrary. *Id.*, PageID#2621.

Magistrate Judge Jolson recognized that the ALJ's finding that Plaintiff suffered from serious and persistent depressive disorder, taken together with his imposition of limitations designed to limit her to repetitive jobs in stable work environments, could support "marginal adjustment" under Paragraph "C" -- a finding that contradicted his ultimate conclusion at Step Three. *Id.*, PageID#2622. She pointed to the following findings in the ALJ's decision:

- The ALJ recognized that Plaintiff's mental impairments were "well-documented" and lasted more than two years, *Id.*, PageID#2621;

- The ALJ acknowledged that Plaintiff had "a history of mental-health treatment and counseling for symptoms of depression and anxiety" and was prescribed medication, which supported a finding that she was "engaged in ongoing medical treatment and mental health therapy" that would diminish her symptoms and mental disorder, *Id.*; and

- The ALJ emphasized "that Plaintiff had difficulty dealing with changes[,]" as noted by his limitations on her only "performing routine 1-2 step simple,

5

routine repetitive tasks . . . which involve very little, if any, change in the job duties or work routine from one day to the next[,]" and incorporating the limitations of Drs. Haskins, Johnson, and Griffiths to alleviate the same. *Id.*, PageID#2622.

Magistrate Judge Jolson, thus, recommended that this Court sustain this Assignment of Error, reverse the non-disability finding, and remand to the Social Security Administration for further proceedings, pursuant to 42 U.S.C. § 405(g). *Id.*, PageID##2625–26.

This matter is currently before the Court on Defendant's Objections to the Report and Recommendations, Doc. #14. The Court must conduct a *de novo* review of those portions of the Report and Recommendations to which proper Objections were filed. Fed. R. Civ. P. 72(b)(3). At issue is "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

"Marginal adjustment" means a "minimal capacity to adapt to changes in [his or her] environment or to demands that are not already part of [his or her] daily life[.]" 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(G)(2)(c). It exists where "the evidence shows that changes or increased demands have led to exacerbation of [a claimant's] symptoms and signs and to deterioration in [his or her] functioning[.]" *Id.* "[N]either the listings nor the Sixth Circuit require the ALJ to 'address every listing' or 'to discuss listings that the applicant clearly does not

6

meet.'" *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x. 426, 432 (6th Cir. 2014) (quoting *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x. 639, 641 (6th Cir. 2013)).  Nonetheless, "an ALJ must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record' . . . to facilitate effective and meaningful judicial review." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (quoting 5 U.S.C. § 557(c)(3)(A)); *see also Harris v. Comm'r of Soc. Sec.*, 384 F. Supp. 3d 874, 879 (S.D. Ohio 2019) (Rice, J.).

The Court finds that the ALJ failed to give a reasoned explanation why he rejected the Paragraph "C" criteria but adopted conflicting limitations on Plaintiff's ability to work.[2]  The ALJ found that Plaintiff could "function adequately" day-to-day, but still imposed limitations which impliedly suggest that she may have difficulty with day-to-day functioning -- such as by limiting her to routine tasks and performing jobs that require very infrequent change in duties.  Doc. #8-2, PageID##49–50.  Adopting such limitations supports a "marginal adjustment" determination because they minimize the likelihood of "changes or increased demands," therefore the ALJ's conclusions contradict with one another.  20 C.F.R.

---

[2] The Court notes that a reasonable administrative factfinder could conclude, supporting Magistrate Judge Jolson's conclusion, that the evidence that Plaintiff took psychotropic medication -- without which, she may have been unable to function -- constitutes "[m]edical treatment . . . that is ongoing and that diminishes the symptoms and signs of [Plaintiff's] mental disorder." 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.04. *See* Doc. #8-2, PageID#42.  Nevertheless, Defendant did not file Objections to this portion of the Report and Recommendations, thereby waiving the right to appeal this portion. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

Pt. 404, Subpt. P., App. 1, § 12.00(G)(2)(c); *see, e.g.*, *Anthony v. Astrue*, No. 1:10-cv-136, 2011 WL 2728059, at \*4 (S.D. Ind. July 12, 2011) (remanding because ALJ's finding that claimant had moderate mental limitations contradicted finding that she did not meet Listing 12.05).  Without a more detailed explanation from the ALJ that he evaluated the evidence, compared it to Paragraph "C" of Listing 12.04, and explained away this contradiction, it is not clear that the ALJ's decision was supported by substantial evidence.[3]  *See Harris*, 384 F. Supp. 3d at 879–80.  The Court thus concurs with Magistrate Judge Jolson's Recommendations and adopts the same.

Defendant's Objections do not persuade the Court otherwise.  First, Defendant points to evidence referenced in the ALJ's decision that could suggest a minimal capacity to adapt, including that Plaintiff took psychotropic medication that assuaged her symptoms, interacted appropriately with others, and performed regular activities.  Doc. #14, PageID##2627–28.  This Objection is nonresponsive to the nature of the ALJ's error.  As set forth above and in Magistrate Judge Jolson's well-reasoned Report, the ALJ adopted contradictory findings, thereby making it impossible to perform adequate judicial review.  *See, e.g.*, *White v. Astrue*, No. 3:12-CV-101, 2013 WL 791182, at \*2–3 (E.D. Tenn. Mar. 4, 2013)

---

[3] The ALJ's error is not harmless.  "[T]he regulations indicate that if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits; no more analysis is necessary." *Reynolds*, 424 F. App'x at 416 (citing 20 C.F.R. § 404.1520(a)(4)(iii)).  Accordingly, reversal and remand serve as more than an empty formality. *See id.*

(reversing and remanding where the ALJ's conclusions that there was "no evidence suggesting that [the plaintiff] has deficits in adaptive functioning" and that the plaintiff had "moderate difficulties in maintaining social functioning" contradicted one another).  That the ALJ could have relied upon evidence to the contrary and explained as much only further accentuates the perfunctory nature of his analysis on this issue, as the Court -- without a reasoned explanation -- has no opportunity to evaluate whether Plaintiff met Paragraph "C."  *See Harris*, 384 F. Supp. 3d at 880; *cf. Rowe v. Colvin*, 166 F. Supp. 3d 234, 239–40 (N.D.N.Y. 2016) (remanding where the ALJ failed to explain why he adopted the findings of a treating physician but, in his RFC finding, implicitly rejected non-exertional impairments that the physician supported).  Accordingly, this Objection shall be overruled.

Defendant's second Objection -- that the ALJ gave a sufficient explanation because he relied upon Drs. Haskins and Johnston, who stated, without any analysis, that Plaintiff did not meet Listing 12.04(C) -- is unavailing.  Doc. #14, PageID#2628. "Indeed, the ALJ did not mention anywhere in h[is] decision that . . . the state agency medical examiners had determined that [Plaintiff] fails to satisfy the criteria of paragraph C[,]" thus the Court is not obliged to "accept the Commissioner's *post hoc* rationalizations for an ALJ's decision where the ALJ did not discuss that evidence." *Rigot v. Comm'r of Soc. Sec. Admin.*, No. 1:21-CV-01575, 2023 WL 2987815, at *18 (N.D. Ohio Mar. 3, 2023) (collecting cases). Therefore, this Objection is overruled.

9

Third, Defendant claims that Plaintiff may not demonstrate that she meets Listing 12.04 by merely highlighting evidence that contradicts the ALJ's decision, as such efforts will not undermine the basis upon which the ALJ's conclusion lies. Doc. #14, PageID#2628.  This argument fails to recognize that the ALJ's failure to "discuss[] . . . the reasons or basis" for his conclusion, as explained above, constitutes error -- not the mere presence of evidence in the record that may favor Plaintiff. *Reynolds*, 424 F. App'x at 414.  Accordingly, this Objection lacks merit.

Defendant finally objects on the grounds that the ALJ's discussion of the medical evidence of record, coupled with his brief analysis on Paragraph "C," provided sufficient articulation for judicial review, rendering his conclusion supported by substantial evidence.  Doc. #14, PageID##2628–29.  Nevertheless, this does not alleviate the ALJ's failure to explain why he adopted moderate limitations designed to prevent change in Plaintiff's daily activities yet rejected any notion of marginal adjustment in a conclusory paragraph. *See, e.g.*, *White*, 2013 WL 791182, at *3.  This Objection is, thus, overruled.

Magistrate Judge Jolson also recommended that the Court overrule Plaintiff's additional Assignments of Error: (1) against the ALJ's finding that Plaintiff did not meet either Paragraph "B" for Listing 12.04, Listing 12.05(B) for intellectual disorders, or Listing 12.11 for neurodevelopmental disorders, Doc. #13, PageID##2617–20; and (2) against the ALJ's RFC determination for not including Plaintiff's purported need for a job coach. *Id.*, PageID##2623–25.  Neither party filed relevant Objections to these portions of Magistrate Judge Jolson's Report and

Recommendations.  Accordingly, any challenge to those portions has been waived.

*See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).  Based

on the reasoning and citations of authority set forth by Magistrate Judge Jolson

therein, Doc. #13, PageID##2617–20, 2623–25, the Court adopts this portion of

said judicial filing.

For the reasons stated above, and upon *de novo* review of the Report and

Recommendations and all relevant filings lodged therewith, the Court ADOPTS the

Report and Recommendations, Doc. #13, in its entirety and REVERSES the

Commissioner's non-disability determination.  The Court REMANDS this matter to

the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for

further consideration consistent with the Report and Recommendations.

Judgment shall be entered in favor of Plaintiff and against Defendant.

The captioned case is hereby ordered terminated upon the docket records of

the United States District Court for the Southern District of Ohio, Western Division,

at Dayton.


Date: September 22, 2023          _Walter H. Rice_____
                                  WALTER H. RICE
                                  UNITED STATES DISTRICT JUDGE